**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROGER D. SULLIVAN,

        Plaintiff,

vs.                                                    Case No. 3:05-cv-491-J-32MMH

CONTINENTAL CASUALTY COMPANY,

        Defendant.

_____

**ORDER**[1]

    This ERISA disability case is before the Court on Plaintiff Roger D. Sullivan's Motion for Award of Attorney's Fees and Taxable Costs. (Doc. 34). Defendant Continental Casualty Company ("defendant")[2] filed a response opposing an award of attorney's fees; defendant does not dispute that plaintiff is entitled to taxable costs. (Doc. 37).

**I.    BACKGROUND**

    On July 21, 2006, this Court entered an Order granting defendant summary judgment on plaintiff's claims related to his cognitive disabilities and remanding the

_____

[1]    Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]    The term "defendant" refers to the named defendant, Continental Casualty Company, and The Hartford.

-1-

case to the administrator for further findings regarding plaintiff's alleged ophthalmological disabilities.   On October 19, 2006, defendant issued a letter to plaintiff's counsel stating that it had considered new information provided to them and that it was reversing its initial denial of long term disability (LTD) benefits to plaintiff. (Doc. 28-2).   After the parties resolved an issue concerning the specific Plan provisions defendant relied upon in tendering payment of benefits to plaintiff, the Court entered an Order retaining jurisdiction of the case to determine entitlement to attorney's fees and costs.   (Doc. 33).   Plaintiff's motion for attorney's fees and costs is now ripe for decision.

## II.   DISCUSSION

### A.   Attorney's Fees Entitlement

Under ERISA, this Court is vested with discretion in determining whether to award attorney's fees.   See 29 U.S.C. § 1132(g)(1).[3]   ERISA provides no presumption in favor of awarding fees.   Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1485 (11th Cir. 1995); Stvartak v. Eastman Kodak Co., 945 F. Supp. 1532, 1546 (M.D. Fla. 1996).   When a party moves for fees, the district court considers the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy such an award; (3) whether

---

[3]   29 U.S.C. § 1132(g)(1) provides "[i]n any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

an award of attorney's fees against the opposing party would deter other persons from acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Florence Nightingale, 41 F.3d at 1485; Ironworkers Local No. 272, et al. v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980). These factors are not controlling, but "[are] merely guidelines intended to aid courts in their analysis." Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co., 932 F.2d 1443, 1453 (11th Cir. 1991). No single factor is dispositive and some may not apply in certain situations. Bowen, 624 F.2d at 1266.

The Court looks at the totality of the circumstances and is guided by these factors in exercising its discretion. While the Court understands that defendant determined plaintiff is entitled to benefits after the Court remanded the case to the administrator for further findings relating to plaintiff's ophthalmological maladies, the Court notes that despite plaintiff's efforts to direct defendant to the appropriate job description at the administrative phase prior to suit, defendant never had Dr. Hered (or any ophthalmologist) review plaintiff's correct job description to determine its effect on Dr. Hered's findings. Thus, plaintiff was required to litigate that very point in federal court.[4] The Court finds the administrator bears culpability[5] for this omission,

_____

[4]   Plaintiff's employer (the Harris Group) even prepared a detailed letter dated January 31, 2005 concerning the duties of a Senior Designer and sent it to the

which proved to be important to the eventual result.

The Court further finds that: (1) defendant has the ability to satisfy the requested attorney's fee award (the second <u>Bowen</u> factor); (2) the third (deterrence) and fourth (significant legal question) <u>Bowen</u> factors do not necessarily apply here or favor defendant; and (3) the merits of plaintiff's position relating to his benefits claim for his ocular disability outweigh that of the defendant (the fifth <u>Bowen</u> factor).  While not dispositive, the Court also notes the difficulty that plaintiffs have generally in prevailing in ERISA litigation; thus, plaintiff's counsel achieved a successful result. The Court will exercise its discretion to award fees.

### B.    Amount of Fees and Costs

Plaintiff's counsel invested 44.72 hours into the case.[6]  At a rate of $300.00 per hour, which defendant agrees is reasonable for plaintiff's counsel's experience level and the prevailing market rates in the Jacksonville, Florida legal community,[7] the lodestar is $13,416.00. Further, defendant does not dispute plaintiff's claimed taxable

---

administrator.  (Doc. 17-12, H360-61).  While the administrator and Harris Group engaged in an exchange to determine precisely plaintiff's job functions, the administrator did not share this with Dr. Hered.

[5]    I am only finding "culpability" -- I have no evidence of bad faith.

[6]    Footnote 2 on page 3 of the response to the motion states that defendant does not object to the number of hours worked by plaintiff's counsel.

[7]    Plaintiff's expert says the correct rate is between $300-$350 per hour. Defendant concedes that $300 is reasonable.  Without setting precedent for future cases, the Court will award $300.00 per hour.

-4-

costs of $461.00.  Thus, plaintiff's aggregate entitlement is $13,877.00.

Accordingly, it is hereby **ORDERED**:

1.      Plaintiff's Motion For Award of Attorney's Fees and Taxable Costs (Doc. 34) is **GRANTED IN PART**.   Plaintiff is entitled to an award of $13,416.00 in attorney's fees and $461.00 in taxable costs for a total award of $13,877.00.

2.      Post-judgment interest is awarded pursuant to 28 U.S.C. § 1961 and will begin accruing upon entry of judgment.

3.      The Clerk will enter judgment in favor of plaintiff and against the defendant and close the file.


**DONE AND ORDERED** at Jacksonville, Florida this 9th day of May, 2007.


TIMOTHY J. CORRIGAN
United States District Judge


t

Copies: Counsel of Record